REDMANN, Judge.
At a “Meet the Candidates” political gathering sponsored by a nonpartisan group, defendant school board member and candidate for assessor declared, after questioning from plaintiff (although defendant denies having done so), something like “This woman has got a problem. She wanted a job but she wasn’t fit” (or “was unfit”). Plaintiff sued for defamation and now appeals from the dismissal of her suit.
Plaintiff was an active and valuable member of her community. She assisted in bringing there a breakfast program and a summer food program; she aided neighbors in social security and food stamp problems; she served for most of a school year as a volunteer teacher’s aide. A high school graduate, she also attended 25 hours of classes at the Institute of Human Relations at Loyola University in New Orleans during the time she worked as a volunteer teacher’s aide. When funding to pay teacher’s aides became available, she wanted and felt that she had worked for and had been recommended (by the program director) for employment as a paid teacher’s aide. However, she was not so employed, despite the program director’s preference for employing those who had worked as volunteers. (She has sued the school board and its members relative to her non-employment.)
Defendant was a member of the school board and, it appears, exercised some control over the employment of the teacher’s aides. He elected another person, who, he said, had five years experience in volunteer programs.
Plaintiff and defendant had also had some disagreement regarding minor auto *314 mobile incidents, resulting in current civil litigation and in some other proceeding in which plaintiff’s son was charged $35 court costs.
The record supports the trial judge’s factual findings concerning the episode at the political meeting:
“Mr. and Mrs. Miller inquired would he [defendant] obtain jobs if elected. Mr. Miller asked whether or not he was going to go about it like he did with the ESEA [teacher aide] program. His reference to this program referred to Mrs. Miller’s application as a teacher’s aide. At this point, . . . the moderator of the meeting testified, the Millers were no longer asking questions but were making statements in such an abusive manner that he discontinued the meeting. . [H]e stated that the defendant had addressed his remarks [the alleged defamation] to the audience to explain the abuse of the plaintiff directed towards him.”
We find that the allegedly defamatory statement was not defamatory in its context. All that “fit” means is “suitable”. To say, in explaining a dispute between a political candidate and a questioner at a political meeting, that the questioner is disputatious because she wanted a job (which is fact) but was not suitable for it (which is conclusory and perhaps overstatement) is not defamation. At worst, this was a slightly impolitic reaction by a political candidate to the heckling that the Millers apparently gave him. A political candidate has no license to defame his hecklers, but he also has no obligation to suffer them silently. One who engages in fractious and factious dialogue at a political meeting cannot demand sweetness and light from his adversary. Mrs. Miller did not get sweetness and light, but she equally did not get defamation.
Affirmed.